UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00713-MEO-DCK

| | |
|---|---|
| ABDUL HASSAN RAHMAN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER M. HEFFRON, Director, Charlotte Field Office, U.S. Citizenship and Immigration Services; JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services; and MARKWAYNE MULLIN, Secretary of Homeland Security,<br><br>Defendants. | <u>MEMORANDUM & ORDER</u> |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss the Amended Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 15).[1] For the reasons set forth below, the Court will grant the Motion.

## I. BACKGROUND

The following facts are drawn from the Amended Complaint (Doc. No. 10) and its exhibits and are taken as true for purposes of this motion.

Plaintiff Abdul Hassan Rahman is a native and citizen of Somalia. He entered

[1]Defendants are the Director of the Charlotte Field Office of U.S. Citizenship and Immigration Services ("USCIS"), the Director of USCIS, and the Secretary of Homeland Security. The Amended Complaint names former Secretary Kristi Noem; Defendants' reply identifies Markwayne Mullin as the current Secretary. Under Federal Rule of Civil Procedure 25(d), the Secretary's successor is automatically substituted as a party.

the United States without inspection or admission in or about August 1998. (Doc. No. 10 ¶¶ 9, 13). That November, the Immigration and Naturalization Service charged him, in a Notice to Appear, with being present in the United States without having been admitted or paroled. *Id.* ¶ 14. On October 19, 1999, an Immigration Judge denied Plaintiff's application for asylum and ordered him removed. *Id.* ¶ 15. The Board of Immigration Appeals affirmed, and on November 16, 2004, the United States Court of Appeals for the Eighth Circuit affirmed the Board, making the removal order final. *Id.*

In 2013, Plaintiff married a United States citizen. *Id.* ¶ 18. Years later, U.S. Citizenship and Immigration Services ("USCIS") granted Plaintiff Temporary Protected Status ("TPS") for the period from September 18, 2021, through March 17, 2023, and it later extended that status. *Id.* ¶¶ 21, 23, 26. On November 12, 2022, Plaintiff left the United States. Four days later, on November 16, 2022, he returned, presenting a TPS travel authorization document (Form I-512T), and he alleges that he was inspected and "admitted" at a port of entry. *Id.* ¶ 22; (Doc. Nos. 10-3; 19 at 3). Plaintiff's wife filed a Form I-130, Petition for Alien Relative, on his behalf. (Doc. No. 10 ¶ 24). On November 22, 2024, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status, under 8 U.S.C. § 1255. *Id.* ¶ 25.

USCIS interviewed Plaintiff on June 16, 2025, and on June 27, 2025, it denied the application. *Id.* ¶ 27; (Doc. No. 10-9 at 14–15). The decision recited that USCIS records showed an Immigration Judge had ordered Plaintiff removed in 1999 and that he had "not yet departed under that order." (Doc. No. 10-9 at 14–15). It

acknowledged Plaintiff's November 2022 travel but stated that "USCIS determined that you are not an arriving alien." *Id.* Because Plaintiff was a respondent in removal proceedings and was not an "arriving alien," USCIS concluded, "only EOIR has jurisdiction to grant or deny [his] Form I-485 based on the merits," and it denied the application "based on lack of USCIS jurisdiction." *Id.* (citing 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1)).

Plaintiff moved for reconsideration, and on August 14, 2025, USCIS denied the motion. (Doc. No. 10 ¶ 27; Doc. No. 10-10 at 1–2). USCIS explained that, consistent with *Matter of Arrabally and Yerrabelly*, 25 I&N Dec. 771 (BIA 2012), travel on advance parole does not execute a removal order, and that whether USCIS has jurisdiction over the application of an alien in removal proceedings turns on how the alien was placed in proceedings—here, as an alien present without admission or parole, and therefore not as an arriving alien. (Doc. No. 10-10 at 1–2.)

Plaintiff filed this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06. (Doc. No. 10 ¶ 6). The Amended Complaint pleads two counts. Count I alleges that USCIS's denial of adjustment of status was arbitrary, capricious, and not in accordance with law. Count II alleges that USCIS unlawfully withheld agency action. *Id.* ¶¶ 39–66. Plaintiff asks the Court to declare that (1) the denial of his Form I-485 and of his motion to reconsider (Form I-290B) was arbitrary, capricious, and unlawful; (2) his November 12, 2022 departure executed his prior removal order under INA § 101(g); (3) he is an "arriving alien"; and (4) USCIS has jurisdiction over his Form I-485. He also asks the Court to set aside both denials, to

remand to USCIS with instructions to adjudicate the application on the merits, and to award fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See id.*; Doc. No. 16 at 2).

Defendants move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. They contend that 8 U.S.C. § 1252(a)(2)(B)(i) bars review of the denial of an application for adjustment of status; that any legal question bearing on such a denial must be raised by petition for review in the court of appeals; and that, in any event, Plaintiff's claims are barred by 8 U.S.C. § 1252(a)(5) and (b)(9) because they are inextricably linked to his removal order. (Doc. No. 16 at 7–12). Plaintiff responds that his claims raise only questions of law; that § 1252(a)(2)(B) is confined to matters arising in removal proceedings; and that he does not challenge his removal order. (Doc. No. 19 at 4–11).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They "possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). There is no presumption that jurisdiction exists, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and the plaintiff bears the burden of establishing it, *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Because the question goes to the Court's power to act, it must be resolved before the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). It cannot be conferred by consent or waived, *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385,

390 (4th Cir. 2004), and if it is lacking, "the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

Defendants raise a facial challenge, contending that the Amended Complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In that posture, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* The facts are not in dispute for present purposes. The dispute is one of law: whether Congress has withdrawn jurisdiction over this suit.

## III. DISCUSSION

### A. The Statutory Text

The Court begins with the statutory text. Plaintiff sues under the APA, but that statute does not itself confer subject-matter jurisdiction; in an APA action, jurisdiction rests on the federal-question statute, 28 U.S.C. § 1331. *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010). And the APA's review provisions "do not apply where 'statutes preclude judicial review.'" *Id.* (quoting 5 U.S.C. § 701(a)(1)). The question, then, is whether the Immigration and Nationality Act ("INA") is such a statute.

Adjustment of an alien's residency status is governed by 8 U.S.C. § 1255. Subsection (a) provides that the status of an alien "who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe," to that of a lawful

permanent resident if the statutory conditions are met. 8 U.S.C. § 1255(a). Congress has charged USCIS with making these decisions, *see Kale v. Alfonso-Royals*, 139 F.4th 329, 331–32 (4th Cir. 2025), and articulated the standards by which courts review them, *see* 8 U.S.C. § 1252.

Congress also designated certain matters outside the scope of judicial review. *See id.* § 1252(a)(2)(A)–(D). Two subparagraphs are especially pertinent here. Subparagraph (B) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

*Id.* § 1252(a)(2)(B). Subparagraph (D), in turn, provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

*Id.* § 1252(a)(2)(D).

Three features of this text control the analysis. First, the statutory bar on judicial review operates "[n]otwithstanding any other provision of law (statutory or nonstatutory)," a formulation that displaces the general grants of jurisdiction on which a plaintiff in an APA action might otherwise rely. Second, this prohibition applies "regardless of whether the judgment, decision, or action is made in removal proceedings . . . ." *Id.* § 1252(a)(2)(B). Third, subparagraph (B)(i)—unlike subparagraph (B)(ii)—contains no qualifier tied to discretion. It instead identifies the covered judgments by the relief to which they relate. Relevant here, it provides that courts lack jurisdiction to review "*any* judgment *regarding* the granting of relief under . . . section 1255 of this title." *Id.* § 1252(a)(2)(B)(i) (emphases added).

The Supreme Court and the Fourth Circuit have read this language as written. In *Patel v. Garland*, 596 U.S. 328 (2022), the Court explained that "any" has an expansive meaning and that "regarding" has "a broadening effect," so that subparagraph (B)(i) reaches not only the granting of relief but "any judgment relating to the granting of relief"—not merely the last decision in time. *Id.* at 338–39. Even before *Patel*, the Fourth Circuit had interpreted subparagraph (B)(i) to bar judicial review of an APA challenge to USCIS's denial of adjustment of status. *Lee*, 592 F.3d at 619. "Congress expressly included decisions to deny relief under § 1255 within this jurisdiction-limiting provision," the court explained; "therefore, the denial of an application for adjustment of status under § 1255(i) is not amenable to judicial review." *Id.*

Most recently, the Fourth Circuit applied *Patel* to subparagraph (B)(ii)'s "regardless" clause—holding that the clause also barred review of USCIS decisions outside the removal context. *Shaiban v. Jaddou*, 97 F.4th 263, 265–68 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1046 (2025). In closing, the court reiterated that the words of the statute must control: "While there are valid public policy arguments to maintain judicial review of [the plaintiff]'s claims and others that petitioners in similar situations may raise, 'policy concerns cannot trump the best interpretation of the statutory text.'" *Id.* at 268 (quoting *Patel*, 596 U.S. at 346). This case is no different.

**B. Plaintiff's Claims Fall Within § 1252(a)(2)(B)(i)**

Plaintiff offers three reasons why this text does not reach his suit: (1) that he seeks review of USCIS's conclusion that it lacked jurisdiction rather than of the denial of his application; (2) that § 1252(a)(2)(B) is limited to matters arising in removal proceedings; and (3) that he raises only questions of law.[2] Controlling precedent directs otherwise.

*1. The Suit Seeks Review of a Judgment Regarding the Granting of Relief Under § 1255*

At the outset, the Court reviews the nature of the claims presented in the Amended Complaint (Doc. No. 10). Plaintiff contends that his lawsuit challenges "USCIS'[s] determination that it lacked jurisdiction to make a decision in the first place," not the substantive adjudication of his immigration status. (Doc. No. 19 at 9).

[2] Defendants also argue that Plaintiff's claims are barred by 8 U.S.C. § 1252(a)(5) and (b)(9) because they are inextricably linked to his removal order, and Plaintiff responds that he does not challenge that order. (Doc. 16 at 11–12; Doc. 19 at 9–11). Because § 1252(a)(2)(B)(i) and (D) dispose of this case, the Court does not reach the parties' arguments under those provisions and expresses no view on them.

But § 1255 draws no such distinction.

USCIS denied Plaintiff's Form I-485. The stated basis for the denial was that, in USCIS's view, only the immigration court could adjudicate the application. Plaintiff asks this Court to set aside that denial and to direct USCIS to adjudicate the application on the merits. That is a request for review of a "judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i). A determination about which adjudicator may decide whether relief under § 1255 is available is, in ordinary usage, a judgment "regarding" the granting of that relief; it is, indeed, a judgment about whether USCIS may grant it at all. And *Patel* instructs that "regarding" is a word of breadth. 596 U.S. at 339.

The Fourth Circuit's decision in *Lee* addressed and rejected this same contention. Although the plaintiff in that case had "carefully worded" his complaint "to avoid expressly challenging the denial of his application for adjustment of status," the court explained that such determinations "cannot be divorced from the denial itself." *Lee*, 592 F.3d at 620. The same is true here. USCIS's conclusion that it lacked jurisdiction is not a free-floating proposition of law; it is the ground on which the application was denied. Plaintiff's opposition neither cites nor distinguishes *Lee*.

Count II of the Amended Complaint, which Plaintiff styles as a claim of unlawfully withheld agency, does not alter the analysis. USCIS did not withhold action on Plaintiff's application; it acted, and its action was a denial. The relief Plaintiff seeks under that count—an order requiring USCIS to adjudicate the application on the merits—is the counterpart of his request to set aside the denial.

*Lee* makes plain that the jurisdictional bar in § 1252(a)(2)(B)(i) turns on the character of the judgment under review, not the label a plaintiff attaches to his claim.

Plaintiff's requests for declaratory relief and attorney fees fare no better. (Doc. No. 10 at 4). The Declaratory Judgment Act is not a source of jurisdiction; it is merely a remedy. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Plaintiff's ability to recover attorney fees, meanwhile, depends entirely on the success of his claims. *See* 28 U.S.C. § 2412(b) (authorizing the award of attorney fees to "the prevailing party"). In sum, because each of these requests functions as a step toward the same end—the reversal of USCIS's judgment—none of them can serve as a basis for jurisdiction.

*2. Section 1252(a)(2)(B)(i) Is Not Limited to Removal Proceedings*

The Court now turns to the arguments in Plaintiff's Response to the instant Motion (Doc. No. 19). Plaintiff's principal argument is that § 1252(a)(2)(B) governs only decisions made in removal proceedings before the Executive Office for Immigration Review ("EOIR"). *Id.* at 4–9. He relies on the title of § 1252 ("Judicial review of orders of removal"); the placement of subparagraph (B) among provisions addressing removal orders; and the observation that the exception in subparagraph (D) contemplates a petition for review. *Id.* at 7–8. This context, however, does not overcome the plain meaning of the text.

The statutory text answers this argument directly. Subparagraph (B) applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). Plaintiff's reading would make the bar apply

only when the judgment is made in removal proceedings, which would give the phrase "regardless of whether" the force of "only if." A court may not read a clause out of a statute, much less read it to say the opposite of what it says. A decision by USCIS, made outside of removal proceedings, denying an application for adjustment of status under § 1255 is precisely what the clause describes. Although Plaintiff would confine the clause to USCIS decisions that "directly impact the outcome of removal proceedings," (Doc. No. 19 at 8), nothing in the text so limits it.

Nor can § 1252's title or subsection structure carry Plaintiff's argument. A statute or section's heading cannot limit the plain meaning of the operative text; it is useful only to resolve genuine ambiguity. *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 528–29 (1947); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998). There is no ambiguity in the phrase "regardless of whether the judgment, decision, or action is made in removal proceedings." Although Plaintiff directs the Court to the Supreme Court's more recent decision in *Wilkinson v. Garland*, that case is not to the contrary. *See* 601 U.S. 209, 218 (2024) ("Section 1252 *generally* grants federal courts the power to review final orders of removal." (emphasis added)). As the Fourth Circuit explained in *Lee*, additional language within § 1252 can cabin the statute's "general[]" jurisdictional reach in practice. *See* 592 F.3d at 619 ("[T]he language 'regardless of whether . . .' makes clear that the jurisdictional limitations imposed by § 1252(a)(2)(B) also apply to review of agency decisions made outside of the removal context.").

In any event, this Court does not write on a clean slate. *Lee* applied

§ 1252(a)(2)(B)(i) to a district-court challenge to USCIS's denial of adjustment of status—a controversy that arose entirely outside of removal proceedings. 592 F.3d at 619–20. Then, in *Shaiban*, the Fourth Circuit asked whether *Patel* applies outside the removal context and answered that it does, reasoning that any other conclusion "is difficult to square with the language of the beginning of § 1252(a)(2)(B)." 97 F.4th at 267. The court found the Supreme Court's dicta "persuasive" and could identify no "contrary reading that squares with the plain meaning of statutes and Supreme Court precedent." *Id.* A later panel described Plaintiff's argument here as "squarely foreclosed" by *Shaiban*. *Darling v. Dir. of U.S. Citizenship & Immigr. Servs.*, No. 25-1415, 2026 WL 719292, at *3 (4th Cir. Feb. 19, 2026) (unpublished).

Plaintiff observes that *Patel* did not decide whether § 1252(a)(2)(B) reaches decisions made outside removal proceedings. That is correct: the Supreme Court said the question was "not before us." 596 U.S. at 345.[3] But the Fourth Circuit *has* answered it, first in *Lee* and again in *Shaiban*, and this Court is bound by those decisions. Decisions of other courts of appeal are in accord. *See, e.g.*, *Xia v. Bondi*, 137 F.4th 85, 93 (2d Cir. 2025); *Momin v. Jaddou*, 113 F.4th 552, 558 (5th Cir. 2024); *Nakka v. U.S. Citizenship & Immigr. Servs.*, 111 F.4th 995, 1008 (9th Cir. 2024)

[3] Plaintiff also points out that the Supreme Court has decided questions of law affecting eligibility for adjustment of status, citing *Scialabba v. Cuellar de Osorio*, 573 U.S. 41 (2014) (plurality opinion), and *Sanchez v. Mayorkas*, 593 U.S. 409 (2021). (Doc. No. 19 at 5). Neither opinion addressed § 1252(a)(2)(B)(i). *Sanchez*, which reviewed a district-court challenge to a § 1255 denial, did not discuss § 1252(a)(2)(B)(i). *See Abuzeid v. Mayorkas*, 62 F.4th 578, 583 n.6 (D.C. Cir. 2023). *Scialabba* concerned priority dates under the Child Status Protection Act. Neither addresses the jurisdictional question here, and an opinion that does not discuss a jurisdictional defect is not authority that none exists. *See Steel Co.*, 523 U.S. at 91.

(concluding that, "because of the 'regardless' clause," subparagraph (B)(i) encompasses judgments made by USCIS outside removal proceedings); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1028–30 (7th Cir. 2023). Plaintiff correctly notes that some of the decisions Defendants cite arose under other subparagraphs or involved factual findings. (Doc. No. 19 at 6). That observation is immaterial here, because binding Fourth Circuit authority resolves the question.

### *3. Subparagraph (D) Confines Legal Questions to the Courts of Appeals*

Plaintiff's remaining argument is that he raises only "pure legal challenges," and that § 1252(a)(2)(B)(i) bars review only of factual findings. (Doc. No. 19 at 6). For purposes of this Motion, the Court assumes that the questions Plaintiff presents—whether his November 2022 departure executed the 1999 removal order, and whether his return made him an "arriving alien"—are questions of law. The argument misses the mark nonetheless.

Subparagraph (B)(i) contains no exception for questions of law. It bars review of "any judgment regarding the granting of relief under" § 1255. Congress did provide an exception for legal questions, but it placed the exception in a separate subparagraph and attached conditions to it: "Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). That provision does two things relevant here. First, it presupposes that subparagraph (B) would otherwise bar review of legal questions; if it did not, subparagraph (D) would be superfluous. Second, it identifies

the forum and vehicle by which such questions may be reviewed: a petition for review filed in a court of appeals. It does not authorize a complaint filed in a district court.

The Fourth Circuit so held in *Lee*. Subparagraph (D)'s avenue for petition of review to the court of appeals, the court explained, is the "exclusive means of judicial review of a legal issue related to the denial of an adjustment of status." 592 F.3d at 620–21. The Fourth Circuit applied that construction again in *Roland v. U.S. Citizenship & Immigration Services*, 850 F.3d 625, 629–30 (4th Cir. 2017), rejecting the contention that a plaintiff's legal and constitutional claims brought his suit within the district court's jurisdiction, and observing that, because no removal proceedings were pending, subparagraph (D) afforded the plaintiffs no route to court at all. Although *Roland* arose under subparagraph (B)(ii), it relied on *Lee*'s construction of subparagraph (D), which governs both.

Plaintiff's contrary position rests on the premise that, because *Patel* held that subparagraph (B)(i) bars review of factual findings, it must permit review of legal ones. (Doc. No. 19 at 4–5.) But *Patel* itself described subparagraph (D) as preserving review of legal and constitutional questions "only when raised in a petition for review of a final order of removal." 596 U.S. at 345. And it must come in "a petition for review filed with an appropriate court of appeals." § 1252(a)(2)(D). Nothing in *Patel* suggests that a legal question may be presented to a district court in an original action.

Nor does it matter that Plaintiff, who is not presently in removal proceedings, may lack a petition for review through which to raise these questions. The Supreme Court considered that consequence in *Patel* and observed that "foreclosing judicial

review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." 596 U.S. at 346. The Fourth Circuit applied the statute notwithstanding the same circumstance in *Roland*. 850 F.3d at 630. The Court's task "is only to determine the meaning of the statute as passed by Congress, not to question the wisdom of the provision enacted." *Lee*, 592 F.3d at 620 n.5. A court may not supply jurisdiction that Congress has withdrawn, even where a plaintiff would otherwise lack a forum.

Plaintiff relies on *Moore v. Frazier*, 941 F.3d 717 (4th Cir. 2019), and the Court has also considered the Fourth Circuit's recent decision in *Ortez Reyes v. U.S. Citizenship & Immigration Services*, 169 F.4th 269 (4th Cir. 2026), which Defendants addressed in their reply. (Doc. 21 at 10 n.3). Neither decision assists Plaintiff, for a common reason: both construed subparagraph (B)(ii), not subparagraph (B)(i). *See Shaiban*, 97 F.4th at 268 (describing *Moore*); *Ortez Reyes*, 169 F.4th at 272 ("We are now tasked with deciding whether Section 1252(a)(2)(B)(ii) precludes judicial review . . . ."). Subparagraph (B)(ii) reaches only a "decision or action . . . the authority for which is specified under this subchapter to be in the discretion of" the Executive. 8 U.S.C. § 1252(a)(2)(B)(ii); *see Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (distinguishing the exercise of discretion from the extent of the Executive's authority). It follows, as *Ortez Reyes* held, that "[p]ure decisions of law" fall outside (B)(ii)'s command. 169 F.4th at 272. Congress framed subparagraph (B)(i) differently. It turns not on whether a decision was discretionary but on the relief—relief under § 1255—to which the judgment relates. *See Patel*, 596 U.S. at 338 (explaining that (B)(i)'s use of

the term "'any' means that the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment."); *id.* at 340–43 ("A 'judgment' does not necessarily involve discretion, nor does context indicate that only discretionary judgments are covered by § 1252(a)(2)(B)(i)."). *Ortez Reyes* concerned a Form I-730 petition for derivative asylum under 8 U.S.C. § 1158(b)(3)(A), not an application under § 1255, and the opinion does not address § 1255, *Lee*, or subparagraph (D). Accordingly, it does not disturb the holdings on which this Court relies.[4]

## IV. CONCLUSION

The Court expresses no view on the merits of Plaintiff's contentions—including whether TPS-authorized travel executes a removal order, and whether Plaintiff's return rendered him an "arriving alien"—or on whether any avenue of review in the court of appeals remains available to him.[5] The Court has no power to decide those matters. The analysis turns on the plain statutory text. *See Shaiban*, 97 4th at 268,

[4] Defendants argue in their reply that Plaintiff challenges "fact-bound" decisions that are subject to USCIS's "overarching discretionary determination[s]" and that these fall within § 1252(a)(2)(B)(ii). (Doc. No. 21 at 2–10 (citing *Shaiban*, 97 F.4th at 268)). The Court does not reach that argument. In light of *Ortez Reyes*, which was decided after Defendants filed their opening memorandum, the Court need not resolve whether Plaintiff's challenges are properly characterized as fact-bound or purely legal. The Court's decision rests on subparagraphs (B)(i) and (D), and it would be the same whether the questions are treated as factual or purely legal.

[5] Plaintiff also invokes a 2022 USCIS policy memorandum concerning TPS-authorized travel and the Board's decision in *Matter of Yadav*, 29 I&N Dec. 438 (BIA 2026). (Doc. No. 19 at 2–3). Both go to the merits of adjustment eligibility, not to this Court's jurisdiction, and the Court does not consider them.

Here, the plain text demonstrates that the Court lacks jurisdiction to review Plaintiff's claim. Accordingly, the Court must dismiss the Amended Complaint without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (citing Fed. R. Civ. P. 41(b)).

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED**;
2. Plaintiff's Amended Complaint (Doc. No. 10) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and
3. The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Signed: September 23, 2026

Matthew E. Orso
United States District Judge